WRIGHT, FINLAY & ZAK, LLP
Gwen H. Ribar, Esq., SBN 188024
James J. Ramos, Esq., SBN 252916
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel. (949) 477-5050; Fax (949) 477-9200
Email: jramos@wrightlegal.net

Attorney for Defendants,
SELECT PORTFOLIO SERVICING, INC.; DLJ MORTGAGE CAPITAL, INC.;

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA –SACRAMENTO

| | |
|---|---|
| RUSSELL STEWART, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN GENERAL FINANCE, INC.; AMERICAN GENERAL FINANCIAL SERVICES f/k/a AMERICAN GENERAL FINANCE, INC.; WILMINGTON SAVINGS FUND SOCIETY, FSB aka WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, not individually, but as trustee for CARLSBAD FUNDING MORTGAGE TRUST; CLEAR RECON CORP.; RUSHMORE LOAN MANAGMEENT SERVICES, LLC; SELECT PORTFOLIO SERVICING, INC.' SPRINGLEAF FINANCIAL SERVICES, INC. f/k/a AMERICAN GENERAL FINANCIAL SERVICES, | Case No.: 2:18-CV-1844 KJM CKD PS<br>*Assigned to Honorable:*<br>*Kimberly J. Mueller*<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF PONTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   September 21, 2018<br>Time:  10:00 a.m.<br>Ctrm.:  3 – 15th Floor<br><br>*[Filed concurrently with [Proposed] Order and Request for Judicial Notice]* |

| | |
|---|---|
| 1    INC. aka AMERICAN GENERAL FINANCE, INC.; OneMain FINANCIAL SERVICES, INC. f/k/a SPRINGLEAF FINANCIAL SERVICES; SPRINGLEAF FINANCE COMMERCIAL CORP. aka SPRINGLEAF FINANCIAL SERVICES.; DLJ MORTGAGE CAPITAL, INC.' DENNIES ESENWEIN, an individual; and "ALL PERSONS or ENTITIES UNKNOWN CLAIMING ANY LEGAL or EQUITABLE RIGHT, TITLE, ESTATE, LIEN or INTEREST in the PROPERTY DESCRIBED in this COMPLAINT ADVERSE to PLAINTIFF'S TITLE, or ANY CLOUD UPON PLAINTIFF'S TITLE THERETO" <br><br>And DOES 1 through 50, inclusive, <br><br>                Defendants. | |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on September 21, 2018 at 10:00 a.m. in Courtroom 3 of the above-entitled court, located at 501 I Street, Sacramento, California, 95814, Defendants SELECT PORTFOLIO SERVICING, INC.; DLJ MORTGAGE CAPITAL, INC will move this Court for an Order dismissing the Complaint of Plaintiff RUSSELL STEWART ("Plaintiff") pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6), for the failure to state a claim upon which relief can be granted. This motion is made on the grounds that Plaintiff has failed to plead the essential facts which give rise to her claims and/or the claims are barred on their face, as confirmed by matters which may

1 properly be judicially noticed by this Court.

2     This Motion will be based upon this Notice, the attached memorandum of points and authorities, the complete files and records in this action, the oral argument of counsel and upon such other and further evidence as this Court might deem proper.

                              Respectfully submitted,

                              WRIGHT, FINLAY & ZAK, LLP

Dated: July 30, 2018         By:   /s/ *Gwen H. Ribar*
                                      Gwen H. Ribar, Esq.,
                                      James J. Ramos, Esq.,
                                      Attorneys for Defendants,
                                      SELECT PORTFOLIO SERVICING, INC.; DLJ MORTGAGE CAPITAL, INC.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, whom does not dispute that he was substantially in default on the subject loan at the time of the foreclosure sale, has sued anyone and everyone that came in contact with said loan on the grounds that it was improperly assigned. But, California law is now abundantly clear that a borrower in default lacks the right to challenge the assignment of his loan unless he can establish that said assignment was void. It is equally clear that an improper securitization does not render an assignment void. Since the underlying premise of Plaintiff's claims has no basis in law, they should all be dismissed.

Notwithstanding the above, Plaintiff here merely regurgitates self-serving conclusions of law without providing any contextual facts. Yet, such conclusions – in the absence of more - have never been enough to support a viable Cause of Action.

In light of the above and for the reasons set forth in greater detail herein, Defendants' Motion to Dismiss should be granted in its entirety and leave to amend should be denied.

## II. STATEMENT OF FACTS

On or about June 11, 2002, Plaintiff obtained a loan from American General Finance, Inc. ("American General") in the amount of $141,451.15 ("the Loan"), the repayment of which was secured by a Deed of Trust ("Deed of Trust") recorded against certain real property located at 256 Shilling Ave., Lathron, CA ("the Property").[1] The Loan was eventually assigned to Wilmington Savings Fund Society, FSB ("the Trust").[2]

---

[1] See Deed of Trust, attached to Request for Judicial Notice filed concurrently herein ("RJN") as Exhibit "A."

[2] See Corporate Assignments of Deed of Trust, attached to RJN as Exhibits "B" and "C", respectively.

1  Beginning about a year after origination, the Loan has been in perpetual
2  default.[3]  Nonetheless, in or around September 2013, Plaintiff received a Loan
3  Modification.[4]  However, Plaintiff subsequently defaulted on its terms.[5]  And,
4  after he failed to cure the arrearages owed on the Loan, the Property was
5  ultimately sold to a third party at a foreclosure sale ("the Foreclosure").[6]

6  On or about June 28, 2018, Plaintiff filed the instant action, alleging that
7  the Foreclosure was invalid because his loan was not properly
8  assigned/securitized.

### III.  ARGUMENT

A Rule 12(b)(6) motion is similar to the common law general demurrer, i.e., it tests the legal sufficiency of the claim or claims stated in the Complaint. The court must decide whether the facts alleged, if true, would entitle Plaintiff to some form of legal remedy.  Dismissal is proper under Federal Rule 12(b)(6) where there is either a "lack of cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept*. 901 F.2d 696, 699 (9th Cir. 1990).

And, while all well-pled facts in the complaint are deemed true in ruling on a motion to dismiss, conclusory allegations are disregarded. *McCarthy v. Mayo*, (9th Cir. 1987) 827 F.2d 1310, 1316.  A plaintiff cannot avoid this bar by clothing legal conclusions in the guise of facts to take advantage of the liberality with which courts otherwise view pleadings. *Western Mining Council v. Watt*, (9th Cir. 1981) 643 F.2d 618, 624.

///

///

---

[3] See Notices of Default, attached to RJN as Exhibits "D", "E", "F", "G", and "H", respectively.
[4] See Loan Modification Agreement, attached to RJN as Exhibit "I."
[5] See Notice of Default, attached to RJN as Exhibit "H".
[6] See Trustee's Deed Upon Sale, attached to RJN as Exhibit "J".

-5-
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
*Russell Stewart vs. American General Finance, Inc., et al.*

**A. <u>The Entire Complaint Lacks Sufficient Facts.</u>**

The bulk of Plaintiff's Complaint hinges on his convenient speculation that there was a "failure to securitize his Note and DOT."[7] Yet, such a conclusion does nothing to support a single viable Cause of Action, as discussed in greater depth, below:

1. <u>Plaintiff's Mere Conclusions of a Void Assignment Insufficient to State Viable Claim.</u>

As touched on above, when ruling on a Motion to Dismiss, the Court "credit[s] factual assertions made in the pleadings, [but] is not required to credit legal conclusions." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (2011). "[T]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action…" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Swierkewicz v. Sorema, N.A.*, 534 U.S.506, 508, n. 1 (1989).

Even a cursory review of the Complaint confirms that Plaintiff fails to provide any actual facts to substantiate his self-serving theory that his loan was not properly securitized. Nor does Plaintiff provide any facts in support of a laundry list of conclusions ranging from "multiple parties sought to enforce his debt obligation" to "he was paying the wrong party" to "he lost title to the Property as a result of an illegal Trustee's Sale", etc. Plaintiff's conclusion that there were "discrepancies in the Loan Modification Agreement" is similarly devoid of factual support, as he does not even bother to identify the supposed discrepancies in question.[8] Since Plaintiff's unsupported conclusions are not enough to support a valid Cause of Action, each and every claim based on their "my assignment was void theory" should be dismissed.

///

---

[7] See Plaintiff's Complaint, ¶48.
[8] See Plaintiff's Complaint, in general

-6-
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
*Russell Stewart vs. American General Finance, Inc., et al.*

2. <u>Plaintiff Lacks Standing to Challenge the Assignment Anyway.</u>

Standing is typically treated as a threshold issue, in that without it no justiciable controversy exists. *People v. Superior Crt. (Plascencia)*, (2002) 103 Cal.App.4th 409, 420. "As a general principle, standing to invoke the judicial process requires an actual justifiable controversy as to which the complainant has a real interest in the ultimate adjudication because he or she has either suffered or is about to suffer an injury..." *Holmes v. California Nat. Guard,* (2001) 90 Cal.App.4th 297, 314-315. "Without standing, there is no actual or justifiable controversy, and courts will not entertain such cases." *Clifford S. v. Superior Court* (1995) 38 Cal.App.4th 747, 751. In California, a wrongful foreclosure plaintiff does have standing to "challenge an assignment to the foreclosing entity as void." *Yvanova v. New Century Mortgage,* (2016) 62 Cal.4th 919, 942-943. However, where the assignment in question would be rendered voidable, the borrower-plaintiff lacks standing to wage such a challenge. *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 815

Plaintiff concludes – without any supporting facts - that the assignment of his loan was void since Defendants "failed to adhere to the PSA, which requires that Plaintiff's Note and Deed of Trust be properly endorsed, transferred, accepted, and deposited with the securitized trust…on or before the "closing date" indicated on the Prospectus."[9]  Yet, "an untimely assignment to a securitized trust made after the trust's closing date…is merely voidable." *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 815. In *Saterbak*, the borrower-plaintiff similarly alleged that the assignment to his lender was void because it did not comply with the terms of the lender's own pooling & servicing agreement. But, after finding that such allegations would – at most – render the assignment merely voidable, the *Saterbak* Court held that

-7-
NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
*Russell Stewart vs. American General Finance, Inc., et al.*

1
2
3
4   the borrower alleging a voidable assignment to the foreclosing party lacks standing to raise such a challenge. *Id.* at 815; See also *Jenkins v. JPMorgan Chase Bank, N.A.* (2013) 216 Cal.App.4th 497 (overturned only to the extent it applied to allegations that the assignment was void).

5
6
7
8
9
10
11
12
13
14
15
16   The Second Appellate District again confirmed that "a postclosing assignment of a loan to an investment trust that violates the terms of the trust renders the assignment voidable, not void, under New York law." *Yhudai v. IMPAC Funding Corp.,* (2016) 1 Cal.App.5th 1252, 1259; See also *Kan, supra,* 230 Cal.App.4th at p.743-744. The Ninth Circuit has similarly found that an alleged defect in securitization process merely renders the transaction voidable. *Morgan v. Aurora Loan Servs., LLC,* 2016 U.S. App. LEXIS 5720, at *6-7 (9th Cir. Mar. 28, 2016). The *Morgan* Court, after acknowledging the *Yvanova* decision, nonetheless refused to find that the borrower-plaintiff had standing, holding that "an act in violation of a trust agreement is voidable – not void – under New York law." *Morgan, supra*, *6-8. The Court in *Morgan* similarly refused to afford standing to the borrower.

17
18
19
20   In light of the above, it is clear that, even if Plaintiff could substantiate his self-serving conclusion that there was a defect in the securitization process, said defect rendered the assignment merely voidable. As such, Plaintiff lacks standing to assert such a claim.

21   3.  <u>Plaintiff's "Separation of the Note" Theory is Without Merit Anyway.</u>

22
23
24
25
26   Each one of Plaintiff's claims to the extent it is based on his self-serving conclusion that the Note was somehow separated from the Deed of Trust. This theory was specifically addressed and promptly debunked by the Court of Appeal. *Debrunner v. Deutsche Bank Nat. Trust Co.*, (2012) 204 Cal.App.4th 433, 440. As such, any claims based thereon necessarily fail.

27
28

---

[9] See Plaintiff's Complaint, ¶42; See also Plaintiff's Complaint, ¶¶ 45-48.

-8-

**B. First Cause of Action for Violation of California HBOR Lacks Sufficient Facts.**

As touched on above, a bald conclusion that is left unsupported by any actual facts is not enough to state a valid Cause of Action. *Maya, supra,* 658 F.3d at p.1067; *Bell Atlantic, supra*, 550 U.S. at p.555.

While Plaintiff may be correct in stating that, with respect to HBOR, "the burden of compliance is placed on the mortgage servicer", he forgets that the burden of stating actual facts upon which relief may be granted lies with the complainant. In this case, Plaintiff simply concludes, without any supporting facts, that Defendants "failed to offer Plaintiff a suitable loan modification plan" and have "failed to offer Plaintiff anything under the California HBOR statues."[10]

Yet, Plaintiff fails to substantiate his conclusions with even a shred of factual support.[11] For this reason alone, Plaintiff's claim necessarily fails to state facts upon which relief may be granted.

**C. The Second Cause of Action for Negligence Lacks Sufficient Facts.**

Negligence requires facts showing: (1) duty, (2) breach, (3) causation, and (4) damages. *Ladd v. County of San Mateo,* (1996) 12 Cal.4th 913, 917.

1. <u>No Duty Owed.</u>

As a general rule, "a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Savings & Loan Assn.*, (1991) 231 Cal.App.3d.1089, 1096. Moreover, because "a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money", there is no reason to depart from the general rule that no

---

[10] See Plaintiff's Complaint, ¶128.
[11] See Plaintiff's Complaint, in general.

duty is owed. *Lueras v. BAC Home Loans Servicing, LP* (2013) 221 Cal.App.4th 49, 67.

Furthermore, as detailed in greater depth above, Plaintiff lacks standing to assert such a challenge to the loan assignment anyway (and, is therefore, not owed any such duty). Without any legal duty owed, Plaintiff's Negligence claim necessarily fails.

2. <u>No Breach of Duty.</u>

In the absence of any duty owed to Plaintiff, there can be no breach. As such, this claim must be dismissed.

3. <u>No Resulting Harm.</u>

Plaintiff reasons that he "los[t] title to the Property…" as a result of Defendant's purported "fail[ure] to follow the guidelines established in the PSA…"[12] But, Plaintiff fails to allege any actual facts to support his conclusion. Nor does it make any logical sense, as there is no rational nexus between the alleged technical failure to securitize the loan and the nonjudicial foreclosure sale that was initiated for no other reason than that Plaintiff failed to make the payments he owed thereon. Accordingly, this claim fails.

**D. The Third Cause of Action for Quasi Contract Lacks Sufficient Facts.**

1. <u>This Claim Fails with Plaintiff's Other Claims.</u>

As an initial matter, Plaintiff's Third Cause of Action is based on the unfounded conclusion that "Defendants did not acquire an interest in Plaintiff's Note."[13] As explained above, such a conclusion is not sufficient to support a valid Cause of Action. Moreover, the notion that there is an implied contract between Plaintiff and Defendants runs directly contradictory to crux of Plaintiff's case: that there was no contract between them.

---

[12] See Plaintiff's Complaint, ¶¶135-136.
[13] See Plaintiff's Complaint, ¶140.

2. Failure to Restore.

"The right to restitution or quasi-contractual recovery is based upon unjust enrichment." *First Nationwide Savings v. Perry*, (1992) 11 Cal.App.4th 1657, 1670.  Yet, one seeking restitution "must generally return any benefit" that it has received. Restatement 2d, Contracts, §376.  There is nothing in the Complaint to suggest that Plaintiff has returned the loan proceeds he received.[14]  In the absence of such facts, Plaintiff may not seek restitution or unjust enrichment.

## E. The Fourth Cause of Action for Slander of Title Lacks Sufficient Facts.

Slander of Title is a false and unprivileged disparagement, oral or written, of the title to real or personal property, resulting in actual pecuniary damage. *Gudger v. Manton (1943)* 21 C.2d 537, 541.  The elements of Slander of Title are (1) publication; (2) falsity; (3) absence of privilege; (4) and disparagement of another's land which is relied upon by a third party and which results in pecuniary loss. *Summary of California Law, (2005), B.E. Witkin, 10th Ed., § 642*.  Malice from the unprivileged character of the act is required. *Id*. at 544.

1. There are No Facts Suggesting Falsity.

As an initial matter, Plaintiff fails to allege any facts to suggest that any of the documents in question were false.[15]  His conclusions to that effect are worthless in the absence of supporting facts.

2. No Facts Showing Malice.

Furthermore, Plaintiff has failed to allege any facts to suggest that the publication in question was motivated by malice.  Thus, this claim must be dismissed.

///

---

[14] See Plaintiff's Complaint, in general.
[15] See Plaintiff's Complaint, in general.

-11-

NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT
*Russell Stewart vs. American General Finance, Inc., et al.*

**F. The Fifth Cause of Action for Cancellation Lacks Sufficient Facts.**

1. Failure to Plead with Required Degree of Specificity.

An action for cancellation cannot be pleaded generally. Rather, where a plaintiff seeks to cancel a specific instrument that clouds title, he must *specifically allege* the *facts* demonstrating the invalidity of the instrument under attack. *Wolfe v. Lipsy* (1985) 163 Cal. App. 3d 633, 638. As addressed above, Plaintiff fails to allege any worthwhile facts, much less specific facts, in support of his claim for Cancellation. Thus, it must be dismissed.

2. This Claim Rises and Falls with Plaintiffs' Other Causes of Action.

Plaintiff's Cause of Action for "Cancellation" is a retread of his other defective claims and, thus, falls short for all of the same reasons. Thus, it should also be dismissed.

**G. The Sixth Cause of Action for Violation of Civil Code §2934 Lacks Sufficient Facts.**

In attempting to state a valid claim based on a faulty loan assignment, it is not enough for the plaintiff to simply conclude that the assignment of the note or deed of trust was ineffective. *Fontenot v. Wells Fargo Bank, N.A.,* (2011) 198 Cal.App.4th 256,271-272. Rather, the plaintiff must allege actual facts showing that the assignee did not receive a valid assignment of the debt <u>in any manner</u>. *Id*. Here, Plaintiff attacks the validity of the recorded assignment of the Deed of Trust. But, he has failed to allege any facts showing that the loan was not assigned in another manner. In the absence of such facts, this claim fails.

**H. The Seventh Cause of Action for Violation of 15 U.S.C. §1692 Lacks Sufficient Facts.**

15 U.S.C. Section 1692f of the Fair Debt Collections Practices Act ("FDCPA") provides, in relevant part: "A debt collector may not use unfair or unconscionable means to collect any debt" (emphasis added). Plaintiff insists that, by initiating the foreclosure sale, "Defendants violated 15 USC §1692f(6)

by, threatening to take a non-judicial action to dispossess Plaintiff's home without a legal ability to do so."[16]  But, as recently confirmed by the Ninth Circuit, "[t]he FDCPA imposes liability only when an entity is attempting to collect debt…For the purposes of the FDCPA, the word "**debt**" is synonymous with "money." 15 U.S.C. § 1692a(5). *Vien-Phuong Thi Ho v. Recontrust Co., NA* (9th Cir. 2017) 858 F.3d 568, 571.  "[A]ctions taken to facilitate a non-judicial foreclosure action…are not attempts to collect "debt" as that term is defined by the FDCPA." *Id.*; See also *Hulse v. Ocwen Federal Bank*, 195 F.Supp.2d 1188, 1204 (D.Or.2002).

Here, Plaintiff fails to allege any actual facts to suggest that unfair or unconscionable means were used by Defendants.  Moreover, to the extent Plaintiff's allegations arise from the foreclosure process, this claim fails because Defendants' foreclosure efforts did not constitute the collection of a debt for purposes of the FDCPA.

## I. The Eighth Cause of Action for Violation of Business & Professions Code §17200 Lacks Sufficient Facts.

In order to allege a violation of the *Cal. Bus. & Prof. Code* §17200, a plaintiff must state with reasonable particularity the facts supporting the statutory elements of the violation. *Silicon Knights, Inc. v. Crystal Dynamics, Inc,* 983 F. Supp. 1303, 1316 (N.D. Cal. 1997) (quoting *Khoury v. Maly's of California,* (1993) 14 Cal. App. 4th 612, 619.  A plaintiff must show either an (1) unlawful, unfair, or fraudulent business act or practice, or (2) unfair, deceptive, untrue, or misleading advertising. *Stewart v. Life Ins. Co. of North America* (2005) 388 F.Supp.2d 1138.

1. Plaintiff's Conclusions of Law Not Sufficient.

As discussed above, a plaintiff cannot rest on his own conclusions of law.  Rather, he must allege facts in support thereof in order to state a valid claim.  In

---

[16] See Plaintiff's SAC, ¶¶3, 12.

this case, Plaintiff offers up bullet-point conclusions ranging from Defendant "execut[ed] and record[ed] false and misleading documents" to "violat[ed] the Security First Rule…"[17]  Yet, rather than support these propositions with any actual facts, Plaintiff is instead content to simply recite a laundry list of his own conclusions.  Such haphazard pleading is insufficient to state a typical Cause of Action, much less one which requires a heightened degree of specificity.  As such, this claim fails as against Defendant.

2. <u>No Injury in Fact Here.</u>

"A plaintiff must have suffered an 'injury in fact' and 'lost money or property as a result of the unfair competition' to have standing to pursue either an individual or a representative claim under the California unfair competition law." *Hall v. Time, Inc.*, (2008) 158 Cal.App.4th 847, 849.  "[T]he phrase "as a result of" in the UCL imposes a causation requirement; that is, the alleged unfair competition must have caused the plaintiff to lose money or property." *Id*.

Plaintiff alleges absolutely nothing to suggest that he suffered any harm arising from Defendants' supposedly-wrongful conduct.  As such, this claim fails due to a lack of injury in fact.

3. <u>This Claim Rises and Falls with Plaintiff's Other Failed Claims.</u>

A Cause of Action brought under Business & Professions Code §17200 is purely derivative and survives or falls based on the success of the other Causes of Action alleged.  *Nool v. HomeQ Servicing*, (2009) 653 F.Supp. 2d 1047, 1056; *Ingels v. Westwood One Broadcasting Services, Inc.*, (2005) 129 Cal.App.4th 1050, 1060.

Plaintiff's Eighth Cause of Action is derivative of his other defective claims.  Thus, this claim fails for the very same reasons as the other Causes of Action.

---

[17] See Plaintiff's Complaint, ¶165.

### J. The Ninth Cause of Action for Accounting Lacks Sufficient Facts.

In order to maintain a valid Cause of Action for Accounting, the plaintiff must set forth facts showing a fiduciary relationship between the parties and a sum owed by the defendant. 5 Witkin California Procedure § 776 (4th Ed. 1997).

1. <u>No Fiduciary Duty Owed To Plaintiff.</u>

In California, a lender does not owe a fiduciary duty to a borrower who obtains a loan as part of an ordinary lender-borrower relationship. *Price v. Wells Fargo Bank* (1989) 213 Cal.App.3d 465, 476.  Without a fiduciary duty owed to Plaintiff, his claim for Accounting necessarily fails.

2. <u>No Balance Owed To Plaintiff.</u>

There are absolutely no facts to indicate that it is Plaintiff who is owed any balance.  To the contrary, the available facts suggest that it is Plaintiff whom owes the debt in question.  Accordingly, there are no grounds for Plaintiff's demand for an accounting.

### K. The Tenth Cause of Action for Fraud Lacks Sufficient Facts.

Plaintiff's fraud claim springs from his convenient conclusion that his loan was not properly assigned.  But, as discussed above, such an allegation is wholly devoid of any factual support.  Moreover, Plaintiff lacks standing to challenge the assignment anyway.  Accordingly, his claim for fraud fails.

### L. The Eleventh Cause of Action for Violation of Negligent Processing, Administration, and Review of Loan Modification Lacks Sufficient Facts.

Plaintiff's Eleventh Cause of Action arises from his conclusion that Defendants breached a duty to "rectify the problem by adjusting any loan modification based on inaccurate figures."[18]  Of course, he stops well short of providing any facts to show how the figures in question were inaccurate or why

---

[18] See Plaintiff's Complaint, ¶188.

the loan modification – if there was one – was improper.[19]  In the absence of any such facts, Plaintiff's allegations amount to nothing more than impermissible conclusions of law.

Notwithstanding the above, Plaintiff's Eleventh Cause of Action for "Negligent Processing, Administration and Review of Loan Modification" fails for all of the same reasons as does his Second Cause of Action for Negligence. Accordingly, this claim must be dismissed.

### M. The Twelfth Cause of Action for Violation of Civil Code §2923.6 Lacks Sufficient Facts.

1. No Facts Suggesting Violation of Statute.

Civil Code §2923.6 provides, in relevant part: "[i]f a borrower submits a complete application for a first lien loan modification…a mortgage servicer…*shall not record a notice of default or notice of sale, or conduct a trustee's sale*, while the complete first lien loan modification application is pending" (emphasis added).

Here, Plaintiff insists that Defendants engaged in "dual tracking" by recording a Notice of Default before it "resolved Plaintiff's request for resolution of his dispute…"[20]  Yet, there is nothing in the statute that requires a lender/servicer to postpone a foreclosure sale until it "resolves" disputes to the borrower's liking.

### N. The Thirteenth Cause of Action for Violation of Civil Code §2923.7 Lacks Sufficient Facts.

1. No Facts Suggesting a Material Violation.

With respect to HOBR, in order "to protect against any potential frivolous claims or efforts to merely delay legitimate foreclosure

---

[19] See Plaintiff's Complaint, in general.
[20] See Plaintiff's Complaint, ¶195.

1  proceedings,… no legal action whatsoever could be brought *unless the*
2  *violation is material*."[21]

3  Plaintiff insists that Defendants violated the statute by "failing to
4  coordinate the receipt of all of Plaintiff's documents…[or] failing to notify
5  Plaintiff of any missing documents necessary to complete the application
6  process."[22]  But, Plaintiff was admittedly reviewed for and offered a
7  modification.  Thus, even if Defendants failed to coordinate their receipt of the
8  loan documents or failed to notify Plaintiff of what was missing, such failures
9  did not have any impact on Plaintiff's ability to be reviewed for loss mitigation.
10 As such, any technical violation of the statute was not sufficiently material to
11 give rise to liability as against Defendants.

### O. The Fourteenth Cause of Action for Violation of Civil Code §2924.10 Lacks Sufficient Facts.

A conclusion without supporting facts is insufficient to state a valid Cause of Action. *Maya, supra,* 658 F.3d at p.1067; *Bell Atlantic, supra*, 550 U.S. at p.555.  Plaintiff here does nothing but regurgitate the statute and then conclude that Defendants are in violation thereof.  But, nowhere does Plaintiff allege any actual facts or details as to his supposed submission of loan modification documentation.  To wit, Plaintiff does not bother to allege which documents were submitted, when, etc.  Without such facts, Plaintiff's bald conclusions are insufficient.

///
///
///
///

---

[21] Sen. Rules Com., Off. of Sen. Floor Analyses, 1st reading analysis of Assem. Bill No. 278 (2011-2012 Reg. Sess.) as amended June 27, 2012, p. 32-33 (emphasis added).
[22] See Plaintiff's Complaint, ¶199.

**P. The Fifteenth Cause of Action for Violation of RESPA Lacks Sufficient Facts.**

There are no facts alleged within Plaintiff's Fifteenth Cause of Action.[23] For this reason alone, it fails to state facts sufficient to constitute a valid claim and should, therefore, be dismissed.

### IV.   CONCLUSION

Based upon the foregoing, Defendants respectfully requests that the Court grant their Motion to Dismiss and deny leave to amend.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: July 30, 2018          By:     s/ *Gwen H. Ribar*
Gwen H. Ribar, Esq.,
James J. Ramos, Esq.,
Attorneys for Defendants,
SELECT PORTFOLIO SERVICING, INC.; DLJ MORTGAGE CAPITAL, INC.

---

[23] Both the Complaint that was served on Defendants and the one filed with the Court are missing pages 77-92.