1  WRIGHT, FINLAY & ZAK, LLP
2  Gwen H. Ribar, Esq., SBN 188024
   James J. Ramos, Esq., SBN 252916
3  4665 MacArthur Court, Suite 280
4  Newport Beach, CA 92660
   Tel. (949) 477-5050; Fax (949) 477-9200
5  Email: jramos@wrightlegal.net
6
7  Attorney for Defendants,
   RUSHMORE LOAN MANAGEMENT SERVICES, LLC; WILMINGTON
8  SAVINGS FUND SOCIETY, FSB, DBA CHRISTIANA TRUST, NOT
9  INDIVIDUALLY BUT AS TRUSTEE FOR CARLSBAD FUNDING
   MORTGAGE TRUST; SELECT PORTFOLIO SERVICING, INC.; and DLJ
10 MORTGAGE CAPITAL, INC.
11
12              **UNITED STATES DISTRICT COURT**
13
14       **EASTERN DISTRICT OF CALIFORNIA –SACRAMENTO**
15

| | |
|---|---|
| RUSSELL STEWART, an individual, | Case No.: 2:18-CV-1844 KJM CKD PS |
| Plaintiff, | *Assigned to Honorable:* |
| | *Magistrate Carolyn K. Delaney* |
| v. | *District Judge Kimberly J. Mueller* |
| AMERICAN GENERAL FINANCE, INC.; AMERICAN GENERAL FINANCIAL SERVICES f/k/a AMERICAN GENERAL FINANCE, INC.; WILMINGTON SAVINGS FUND SOCIETY, FSB aka WILMINGTON SAVINGS FUND SOCIETY, FSB, d/b/a CHRISTIANA TRUST, not individually, but as trustee for CARLSBAD FUNDING MORTGAGE TRUST; CLEAR RECON CORP.; RUSHMORE LOAN MANAGMEENT SERVICES, LLC; SELECT PORTFOLIO SERVICING, | **REPLY TO PLAINTIFF's OPPOSITION TO MOTION TO DISMISS** |

16
17
18
19
20
21
22
23
24
25
26
27
28

-1-

INC.' SPRINGLEAF FINANCIAL SERVICES, INC. f/k/a AMERICAN GENERAL FINANCIAL SERVICES, INC. aka AMERICAN GENERAL FINANCE, INC.;  OneMain FINANCIAL SERVICES, INC. f/k/a SPRINGLEAF FINANCIAL SERVICES; SPRINGLEAF FINANCE COMMERCIAL CORP. aka SPRINGLEAF FINANCIAL SERVICES.; DLJ MORTGAGE CAPITAL, INC.' DENNIES ESENWEIN, an individual; and "ALL PERSONS or ENTITIES UNKNOWN CLAIMING ANY LEGAL or EQUITABLE RIGHT, TITLE, ESTATE, LIEN or INTEREST in the PROPERTY DESCRIBED in this COMPLAINT ADVERSE to PLAINTIFF'S TITLE, or ANY CLOUD UPON PLAINTIFF'S TITLE THERETO"

And DOES 1 through 50, inclusive,

Defendants.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, IF ANY:**

**PLEASE TAKE NOTICE** that Defendants RUSHMORE LOAN MANAGEMENT SERVICES, LLC; WILMINGTON SAVINGS FUND SOCIETY, FSB, DBA CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR CARLSBAD FUNDING MORTGAGE TRUST; SELECT PORTFOLIO SERVICING, INC.; and DLJ MORTGAGE CAPITAL, INC. (collectively, "Defendants") hereby reply to Plaintiff's Opposition to their Motion to Dismiss the Complaint as follows:

# I.  INTRODUCTION

Plaintiff's focus in the Opposition on his right to plead alternative facts is misplaced because none of the facts are any good.  No matter how Plaintiff wishes to slice it, he is attempting to challenge the foreclosing party's authority to foreclose on the grounds that his loan was improperly assigned.  However, Plaintiff lacks standing to wage such a challenge because he has failed to allege any facts to suggest that said assignment was actually void.

If anything, the Opposition simply heaps more unfounded conclusions of law onto what was already a hefty pile.  It fails to even hint at how Plaintiff could possibly salvage any of the claims alleged.  As such, Defendants' Motion to Dismiss should be granted in its entirety and leave to amend should be denied as futile.

# II. ARGUMENT

## A. <u>Plaintiff's Mere Conclusions Not Sufficient to State Any Claim.</u>

When ruling on a Motion to Dismiss, the Court "credit[s] factual assertions made in the pleadings, [but] is not required to credit legal conclusions." *Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (2011).  "[T]he pleading must contain something more…than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action…"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), citing *Swierkewicz v. Sorema, N.A.*, 534 U.S.506, 508, n. 1 (1989).

Nowhere in his Complaint or Opposition does Plaintiff provide any worthwhile facts to support his self-serving conclusions that the loan was not properly assigned.  Nor is there a shred of factual support provided to substantiate Plaintiff's conclusion that there was not a "true sale" of his loan or that his debt was somehow forgiven.  For this reason alone, Plaintiff's claims fail.

///

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Russell Stewart vs. American General Finance, Inc., et al.*

**B. <u>Plaintiff Lacks Standing to Challenge the Assignment Anyway.</u>**

As addressed in greater depth in Defendants' Motion to Dismiss (yet wholly ignored by Plaintiff in his Opposition), in California, "[a] borrower has standing if the alleged assignment is void, but not if the assignment is merely voidable." *Mendoza v. JPMorgan Chase Bank, N.A.* (2016) 6 Cal.App.5th 802, 810. Plaintiff here has failed to allege any facts to show that the loan assignment was actually void. As noted above, his mere conclusions – without any supporting facts – are hardly enough.

Nor does Plaintiff's "my loan was not timely securitized" argument carry any weight, as "an untimely assignment to a securitized trust made after the trust's closing date…is merely voidable" and, thus, a borrower lacks standing to challenge said assignment. *Saterbak v. JPMorgan Chase Bank, N.A.* (2016) 245 Cal.App.4th 808, 815; See also *Yhudai v. IMPAC Funding Corp.,* (2016) 1 Cal.App.5th 1252, 1259; *Siliga v. Mortgage Electronic Registration Systems, Inc.* (2013) 219 Cal.App.4th 75, 82; *Kan v. Guild Mortgage Company* (2014) 230 Cal.App.4th 736, 749.

In light of the above, it is clear that, if there were a defect in the assignment of Plaintiff's loan, said defect rendered the assignment merely voidable. As such, Plaintiff lacks standing to challenge its validity.

**C. <u>Each One of Plaintiff's Individual Causes of Action Remains Defective.</u>**

Plaintiff does not bother in his Opposition to meaningfully address any of the deficiencies which pervade the individual Causes of Action alleged in the Complaint. Plaintiff's refusal to try to salvage his claims is tantamount to an admission that he cannot do so. As such, each one of the claims alleged should be dismissed.

///

///

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Russell Stewart vs. American General Finance, Inc., et al.*

# III.   CONCLUSION

In light of the above, Defendants respectfully requests that the Court grant their Motion to Dismiss and deny leave to amend.

Respectfully submitted,

WRIGHT, FINLAY & ZAK, LLP

Dated: October 5, 2018          By:     s/ *Gwen H. Ribar*
                                        Gwen H. Ribar, Esq.,
                                        James J. Ramos, Esq.,
                                        Attorneys for Defendants,
                                        RUSHMORE LOAN
                                        MANAGEMENT SERVICES,
                                        LLC; WILMINGTON SAVINGS
                                        FUND SOCIETY, FSB, DBA
                                        CHRISTIANA TRUST, NOT
                                        INDIVIDUALLY BUT AS
                                        TRUSTEE FOR CARLSBAD
                                        FUNDING MORTGAGE
                                        TRUST; SELECT PORTFOLIO
                                        SERVICING, INC.; and DLJ
                                        MORTGAGE CAPITAL, INC.

REPLY TO OPPOSITION TO MOTION TO DISMISS COMPLAINT
*Russell Stewart vs. American General Finance, Inc., et al.*