UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN GENERAL FINANCE, INC., et al.,<br><br>    Defendants. | No. 2:18-cv-01844 KJM CKD (PS)<br><br><br><u>ORDER</u> |

        Plaintiff is proceeding in this action pro se and in forma pauperis. The matter was referred to a United States Magistrate Judge as provided by Local Rule 302(c).

        On April 11, 2019, the magistrate judge filed findings and recommendations, which contained notice to plaintiff that any objections to the findings and recommendations were to be filed within fourteen days. Plaintiff has filed objections to the findings and recommendations, and defendant One Main Financial Services, Inc. has filed a response.

        In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having reviewed the file, the court finds the findings and recommendations to be supported by the record and by the proper analysis.

        The court writes separately simply to acknowledge that California Civil Code section 2923.6 was repealed effective January 1, 2018 and subsection (c) was later substantially

1

reenacted in section 2924.11(a) while subsection (g) was omitted from that reenactment. *See* Cal. Civ. Code § 2924.11 (2018). As of January 1, 2019, however, section 2924.11(a) was repealed and substantially reenacted in section 2923.6(c), which is identical to its 2017 version, section 2923.6(c) (2017), except it now provides that any modification application must be submitted to the "servicer at least five business days before a scheduled foreclosure sale." *Id.* ¶ 2923.6(c) (2019). The current version of section 2924.6 also restores, word-for-word, subsection (g)'s provision relieving servicers from their obligation to evaluate successive applications "unless there has been a material change in the borrower's financial circumstances since the date of the borrower's previous application and that change is documented by the borrower and submitted to the mortgage servicer." *Id.* § 2923.6(g) (2019).

The complaint in this case was filed June 28, 2018. However, the relevant facts alleged in plaintiff's complaint occurred prior to January 1, 2018, when the 2017 version of the statute was in effect. At the time of this order, the 2019 version of the statute is in effect. Under both the 2017 and the 2019 version of the statute, the magistrate judge's analysis is correct. *See* Cal. Civ. Code § 2923.6(g) (2017 & 2019) (requiring servicer to evaluate applications in which material change in financial circumstances "is documented by the borrower and submitted to the mortgage servicer").

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 11, 2019 are adopted in full;
2. Defendants' motion to dismiss the First Amended Complaint (ECF No. 38) is granted;
2. This action is dismissed with prejudice for failure to state a claim; and
3. The Clerk of Court shall close this case.

DATED: September 30, 2019.

_____
UNITED STATES DISTRICT JUDGE