UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL STEWART,<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN GENERAL FINANCE, INC., et al.,<br><br>    Defendant. | No. 2:18-cv-01844-KJM-CKD<br><br>ORDER |

        Plaintiff Russell Stewart, proceeding pro se, moves to extend or re-open the time to appeal the court's dismissal of his complaint for failure to state a claim. Mot., ECF No. 60. Defendants DLJ Mortgage Capital, Inc., Rushmore Loan Management Services LLC, Select Portfolio Servicing, Inc., and Wilmington Savings Fund Society, FSB oppose. "DLJ Opp'n," ECF No. 63. Defendant OneMain Financial Services opposes separately. "OneMain Opp'n," ECF No. 65. Plaintiff replied. Reply, ECF No. 68. Having considered the moving papers, the court GRANTS plaintiff's motion.

I.     FACTUAL BACKGROUND

        Plaintiff's first amended complaint alleges violations of the California Homeowner's Bill of Rights (HBOR) and racial discrimination against various financial institutions relating to the foreclosure sale of plaintiff's home. First. Am. Compl. (FAC), ECF

1

No. 36.  On April 11, 2019, the assigned magistrate judge issued findings and recommendations recommending that this court dismiss the First Amended Complaint with prejudice for failure to state a claim, ECF No. 50, and on September 30, 2019, the undersigned did so, adopting the findings and recommendations in full.  ECF No. 54.

Plaintiff proceeded to file a notice of appeal on November 1, 2019, 32 days after the entry of the judgment.  ECF No. 56.  Because the notice of appeal was untimely under Federal Rules of Appellate Procedure 4(a)(1)(A), plaintiff now moves to extend or re-open time to appeal.  Plaintiff alleges he drove to Sacramento "immediately after receiving this anxiously anticipated ruling" to file his notice of appeal.  Mot. at 2.  He "believes either his mail was inadvertently not collected timely, or mail was put in box [sic] on that Wednesday Oct. 30 2019."  *Id.*  He also states he was "displaced from his residence due to the wrongful foreclosure."  Reply at 2 (capitalization altered from original).

Defendants argue plaintiff failed to provide any evidence that he had diligently checked his post office box, the only address on file with the court.  DLJ Opp'n at 4.  As a result, they argue, he did not make a showing that he did not timely receive notice from the clerk of court.  *Id.*  In his reply, plaintiff states he checked his mailbox "weekly" and that he was not acting in bad faith.  Reply at 2.  He also attaches an unauthenticated Office of the Inspector General report about late and lost mail generally.  Reply, Ex. A.[1]

II.     LEGAL STANDARD

The notice of appeal must be filed in a civil case "within 30 days after entry of the judgment or order appealed from."  Fed. R. App. P. 4(a)(1)(A).  The court may extend time to file a notice of appeal on motion if the motion is filed within 30 days of the deadline prescribed by Rule 4(a), and the moving party shows excusable neglect or good cause.  Fed. R. App. P. 4(a)(5)(A).  While prior cases have held that the standard of excusable neglect is "a strict one" intended to allow extension only in "extraordinary cases where injustice would otherwise result"

---

[1] To support his assertions, plaintiff attaches an affidavit, but it contains nothing of substance beyond plaintiff's name, age, and the statement that the affidavit is based on his personal knowledge.  Reply, Ex. B.  It is possible plaintiff intended to verify his pleading, but the court declines to find his reply admissible on this basis.

2

(*see Pratt v. McCarthy*, 850 F. 2d 590, 592 (9th Cir. 1988); *Alaska Limestone Corp. v. Hodel*, 799 f. 2d 1409, 1411 (9th Cir. 1986)), the current more lenient standard is set forth in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 386 n.3 (1993) (citing *Pratt* in Supreme Court resolution of circuit split about meaning of excusable neglect); *see also Calderon v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 137 F. 3d 1420, 1422 (9th Cir. 1998) (recognizing *Pioneer Inv. Servs. Co.* overrules *Pratt*). The determination of whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co.*, 507 U.S. at 395. Circumstances to be considered are the danger of prejudice to the opposing party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith. *Id.*

III. DISCUSSION

Here, defendants do not argue reopening plaintiff's time to appeal will prejudice them, and no likelihood of prejudice is apparent to the court. The length and impact of the delay also weigh in favor of the plaintiff, as he filed his notice of appeal a mere two days after the deadline.

It is reasonable to infer from plaintiff's motion that his use of a post office box was due to his displacement from his home after the foreclosure at issue. Reply at 2. While it appears to the court that the plaintiff misapprehended the use of the affidavit to introduce evidence into the record regarding his diligence in checking the mailbox, *see* note 1 *supra*, the pleadings and papers filed by pro se litigants are often held to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). In addition, Federal Rule of Civil Procedure 11's prohibition on misrepresentation to the court weighs in favor of consideration of plaintiff's statements of fact in his motion and reply, although not for their evidentiary weight. Plaintiff's pleadings on this point do not squarely establish he was not culpable for the delay. At the same time, given that the *Pioneer* test is one grounded in equity, this factor does not outweigh the others.

/////

Lastly, nothing suggests plaintiff acted in bad faith in filing his notice of appeal two days late; delay is not to his advantage and he had no incentive to do so deliberately.

IV. CONCLUSION

For the foregoing reasons, the court GRANTS plaintiff's motion to extend the time to appeal. Plaintiff's notice of appeal is deemed timely filed under Federal Rule of Appellate Procedure 4(a)(5)(C).

IT IS SO ORDERED.

DATED: February 24, 2020.

_____
CHIEF UNITED STATES DISTRICT JUDGE